# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America ex rel. ) | |
| MARCO A. CAMPOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 05 C 6586 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| EIGHTEENTH JUCIDIAL CIRCUIT ) | |
| OF THE STATE OF ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Marcos Campos ("Petitioner" or "Campos") seeks a writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 claiming that his retrial is barred by the Double Jeopardy Clause of the Fifth Amendment because the prosecutor intentionally provoked a mistrial. The petition has been fully briefed. For the following reasons, Campos' petition for writ of habeas corpus [1] is denied.

## I.    BACKGROUND

The State of Illinois filed a complaint on June 12, 1998, charging Marco Campos with three counts of criminal sexual assault, one count of criminal sexual abuse, and one count of battery. Petition ("Pet."), Ex. J at 1-3. Following a mistrial declared on August 29, 2002, Campos filed a motion to discharge and for acquittal in the Circuit Court of DuPage County, arguing that the Double Jeopardy Clause barred his retrial. Pet., Ex. J at C150. After the Circuit Court denied Campos' motion (Pet., Ex. J at C-211), Campos filed an interlocutory appeal to the Illinois Appellate Court (Pet., Ex. J at C-215). The Appellate Court affirmed the decision of the Circuit Court on June 1, 2004. Pet., Ex. D. On June 22, 2004, Campos filed a petition for

rehearing. Pet., Ex. E at 1. The Appellate Court denied Campos' petition for rehearing on July 20, 2004. Pet., Ex. F. Campos then filed a petition for leave to appeal the Appellate Court's decision, which the Illinois Supreme Court denied on November 24, 2004. Pet., Ex. G.

Because Campos does not present clear and convincing evidence challenging the statement of facts set forth in the Illinois Appellate Court's opinion affirming the decision of the Circuit Court of DuPage County, this Court presumes that those facts are correct for purposes of its habeas review. See 28 U.S.C. § 2254(e)(1); see also *Virsnieks v. Smith*, 521 F.3d 707, 714 (7th Cir. 2008). The pertinent facts, as set forth by the Illinois Appellate Court on June 1, 2004, are set forth below.

Campos worked at Chateau Village Living Center, a nursing home in Willowbrook, Illinois. Pet., Ex. D at 1. He was charged with committing five assaults against four different women while working at Chateau Village Living Center. *Id.* Four of the five assaults allegedly occurred at Chateau Village Living Center, while the fifth incident was alleged to have taken place in an apartment in Darien. *Id.* at 1-2.

Campos' trial began on August 26, 2002. *Id.* at 2. On August 29, 2002, the State called Willowbrook police commander Mark Shelton as a witness. *Id.* Shelton testified that on May 11, 1998, he went to the Chateau Village Center to speak with the facility administrator, Nancy Hartmann, as part of an investigation stemming from several complaints that the Willowbrook police had received about Campos. *Id.* Shelton testified that he also spoke to Campos on that date. *Id.* Defense counsel requested a sidebar and informed the trial court that Campos had asked to speak to a lawyer during his conversation with Shelton and stated that "[i]f that comes out, it will vitiate the jury and cause a mistrial." *Id.* The following exchange then occurred:

> MR. KNIGHT [Assistant State's Attorney]: I'm certainly not going to ask him that.
>
> MR. CONNIFF [Defense Counsel]: Then where are we going with this?
>
> THE COURT: I don't think you want to try this case again. So, make sure, you know --
>
> MR. KNIGHT: I understand the law, Judge.

*Id.* Assistant State's Attorney Knight then resumed his questioning of Shelton and asked him what he had asked Campos regarding the incidents under investigation and what, if anything, Campos said in response. *Id.* Defense Counsel again objected, and the trial court overruled the objection. *Id.* Assistant State's Attorney Knight then asked Shelton to relate what he told Campos and what Campos told him about the incidents, prompting the following exchange:

> A: I told him that some ladies had come forward to the police department about some incident involving improper contact involving him.
>
> Q: What did he say?
>
> A: He said he had done nothing to anyone. And at that time, he said he needed to speak with an attorney.

*Id.* at 2-3.

Defense counsel objected and moved for mistrial. *Id*. at 3. In response, Assistant State's Attorney Knight informed the trial court that when he went over Shelton's testimony with him, Shelton indicated that he was going to testify that Campos said he did not do anything to anyone. *Id.* Assistant State's Attorney Knight further stated to the trial court that he told Shelton "that's all we're going to talk about." *Id.* The trial court granted the motion, and a mistrial was declared. *Id*.

3

Subsequent to the mistrial, Campos moved for an acquittal or discharge of the complaints against him on double jeopardy grounds. *Id.* In response, the State offered affidavits consistent with Assistant State's Attorney Knight's earlier statement to the trial court that he had not intended for Shelton to testify that Campos had asked for an attorney. *Id*. Assistant State's Attorney Knight admitted that he did not specifically instruct Shelton not to mention the part of the conversation where Campos asked to speak with an attorney. *Id*. The trial court denied Campos' motion, finding that no reason existed for the State to want a mistrial and that the prosecutor did not act in bad faith in failing to instruct Shelton not to mention Campos' request for an attorney. *Id.*

## II. ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petition may not be granted unless the decision of the state court "was contrary to, or involved an unreasonable application of clearly established Federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1-2). A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law; [or] if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the United States Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). "Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002).

A state court's decision constitutes an "unreasonable application" of clearly established federal law if the state court identified the correct legal rule but unreasonably applied the controlling law to the facts of the case. *Williams*, 529 U.S. at 407. It should be noted that "an unreasonable application of federal law is different from an *incorrect* application of federal law." *Id.* at 410. "Unreasonable" means that a state court's decision lies "well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

B.  **The Double Jeopardy Clause as a Bar to Retrial**

The Double Jeopardy Clause of the Fifth Amendment[1] protects a criminal defendant from repeated trials for the same offense. *Oregon v. Kennedy*, 456 U.S. 667, 671-672 (1982). In general, a defendant has a right to have his trial completed by the first jury impaneled. *Id*. ("As part of the protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal'"). However, after a mistrial has been declared, the Double Jeopardy Clause generally will not bar retrial if there is a "manifest necessity" for the state to retry a defendant. *Id*. As the Supreme Court has explained, the rationale for that rule is that by moving for mistrial, the defendant has forfeited his right to have his case heard by the first jury impaneled. *Id*. at 672-673; see also *United States v. Scott*, 437 U.S. 82, 93 (1978) (a defendant's motion for mistrial is "a deliberate election on his [or her] part to forgo [the] valued right to have his [or her] guilt or innocence determined before the first trier of fact"). Thus, the Double Jeopardy Clause ordinarily will not bar retrial when the defendant has moved for a mistrial. *Kennedy*, 456 U.S. at 673.

To be sure, courts have recognized a "narrow exception" to the general rule that the Double Jeopardy Clause will not bar retrial, which applies where the defendant can show that

---

[1] In *Benton v. Maryland,* the Supreme Court found that the Double Jeopardy Clause was applicable to the States through the Due Process Clause of the Fourteenth Amendment. 395 U.S. 784 (1969).

5

prosecutorial or judicial misconduct gave rise to the defendant's mistrial request. *Kennedy*, 456 U.S. at 673; cf. *United States v. Dinitz*, 424 U.S. 600, 612 (1976); *United States v. Tateo*, 377 U.S. 462, 468 n.3 (1964) ("If there were any intimation in a case that prosecutorial or judicial impropriety justifying a mistrial resulted from a fear that the jury was likely to acquit the accused, different considerations would, of course, obtain"). Here, Petitioner claims misconduct on the part of the Assistant State's Attorney. Pet. at 5. In *Kennedy*, the Supreme Court clarified the parameters of the bar on retrial based on prosecutorial or judicial misconduct in order to lay to rest any confusion in the lower courts regarding the scope of that "narrow exception." *Kennedy*, 456 U.S. at 679. The Supreme Court explained that the touchstone for the analysis is the intent of the prosecutor. *Id.* at 676. If the prosecutor acted intentionally to "goad" the defendant into moving for a mistrial, then the Double Jeopardy Clause may apply. *Id*. at 676. However, the Court stressed that "prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion," is not by itself sufficient to bar retrial. *Id*. at 676-677. Instead, there must be evidence that the prosecutor "intended to goad" or "intended to provoke the defendant into moving for a mistrial." *Id*. at 677, 679.

### C. Petitioner's Double Jeopardy Claim

The Court may not grant Petitioner's habeas corpus petition unless the Court finds that the Illinois Appellate Court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law," or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1-2). The only question in this case is whether the Illinois Appellate Court properly applied the relevant Supreme Court precedent to Petitioner's claim that the

Assistant State's Attorney's conduct that triggered the mistrial should bar retrial under the Double Jeopardy Clause.

As explained above, the Double Jeopardy Clause of the Fifth Amendment bars a retrial only where the prosecutor intended to provoke a defendant to seek a mistrial. *Kennedy*, 456 U.S. at 677, 679 (emphasis added). On interlocutory appeal, the Illinois Appellate Court affirmed the trial court's judgment that the Double Jeopardy Clause did not bar retrial on the facts of this case. Pet. Ex. D (*People v. Campos,* 349 Ill. App. 3d 172, 176 (2nd Dist. 2004)). The Appellate Court determined that although the trial court applied the wrong standard when evaluating the conduct of the prosecutor—considering whether he acted in bad faith, rather that focusing on whether he intended to provoke defendant into moving for a mistrial—the facts and the applicable law did not bar Petitioner's retrial. *Id.* Specifically, the Appellate Court noted that "in rendering its decision, the trial court made factual findings relevant to whether the prosecutor intended to provoke a mistrial" and that those facts were "not against the manifest weight of the evidence." *Id.* at 177. The Appellate Court agreed with the trial court that "there was no reason why the State would have wanted a mistrial and that the evidence was 'going in a way that was not unfavorable to the State.'" *Id.* The Appellate Court also noted that the trial court found that the errors committed by [the prosecutor] were "dumb mistakes" that did not amount to bad faith, "implying that he did not act intentionally to provoke a mistrial." *Id.* Citing to *Kennedy* as the applicable Supreme Court precedent, the Appellate Court concluded that "[w]hile [the prosecutor] should have advised Shelton not to mention defendant's request for an attorney, and while his questioning of Shelton perhaps should have been tailored to elicit a legally inoffensive response, these mistakes do not amount to prosecutorial intent to provoke a mistrial." *Id.*

7

The Illinois Appellate Court's decision properly cited to *Kennedy* as the controlling Supreme Court precedent applicable to Campos' claim that any retrial was barred by the Double Jeopardy clause. In addition, the Appellate Court offered a sound rationale for its conclusion that there was no evidence of intent on the part of the prosecutor to invoke the Petitioner to seek a mistrial. This Court concludes that the Appellate Court's decision was not an unreasonable application of the relevant Supreme Court precedent as enunciated in *Kennedy*. In fact, the Appellate Court's decision acknowledged the errors in the legal standard applied by the trial court, but when reviewing all the facts before it, concluded that under the proper standard—whether the prosecutor intended to provoke Petitioner to seek a mistrial—there simply was no evidence to support the conclusion that the prosecutor in any way intended to goad Petitioner into requesting a mistrial. The Appellate Court's decision constitutes a reasonable application of the clearly established law in the Supreme Court's *Kennedy* decision, in which the Supreme Court set forth the limited circumstances in which the Double Jeopardy Clause bars retrial of a case after a mistrial has been declared, to the facts of this case. Accordingly, Petitioner's request for habeas relief must be denied.

### III. CONCLUSION

For the reasons stated herein, Campos's petition for a writ of habeas corpus [1] respectfully is denied.

Dated: October 29, 2008

_____
Robert M. Dow, Jr.
United States District Judge

8